# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Mason W. WILLIAMS**
Hospital Corpsman Third Class (E-4), U.S. Navy
*Appellant*

**No. 202400478**

————————————

Decided: 13 July 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Derrick A. Poteet (arraignment)
Stephen F. Keane (trial)

Sentence adjudged 17 June 2021 by a special court-martial tried at Marine Corps Air Ground Combat Center, Twentynine Palms, California, consisting of officer and enlisted members. Sentence in the Entry of Judgment: reduction to E-1.

For Appellant:
*Major Colin P. Norton, USMC*

For Appellee:
*Lieutenant Stephanie N. Fisher, JAGC, USN*
*Lieutenant Erin H. Bourneuf, JAGC, USN*

_____

**This opinion does not serve as binding precedent but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, contrary to his pleas, of one specification of willful dereliction of duty and one specification of disorderly conduct, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ).[1] The dereliction of duty conviction was for Appellant's failure to obey and enforce weapons safety rules, and the disorderly conduct conviction was for the same criminal act.[2] After findings, the Government moved to conditionally dismiss the disorderly conduct conviction based on an unreasonable multiplication of charges, and the military judge granted the motion.[3]

Appellant raises three assignments of error (AOEs): (1) does Rule for Courts-Martial 912(f)(4) improperly deprive Appellant of a statutory right to his sole peremptory challenge; (2) did the military judge err in denying the defense challenge for implied bias against a panel member who stated he wanted an explanation from Appellant;[4] (3) does the Entry of Judgment (EOJ) fail to comply with Rule for Courts-Martial 1111(b)(1) because it does not correctly state the findings and sentence of the court-martial.

_____

[1] 10 U.S.C. §§ 892, 934. The finding of guilty to disorderly conduct was a lesser included offense of the charged offense of drunk and disorderly conduct.

[2] Pros. Ex. 6 at 17–18 ("Treat every weapon as if it were loaded. . . . Never point a weapon at anything you do not intend to shoot. . . . Keep your finger straight and off the trigger until ready to fire. . . . Keep weapon on 'safe' until you intent to fire.").

[3] R. at 940–41.

[4] We find Appellant's first two AOEs to be without merit. *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987); *see United States v. Walker*, No. 201100463, 2012 CCA LEXIS 396, at *9 (N-M. Ct. Crim. App. Sep. 26, 2012) (declining to conclude that the President exceeded his statutory authority in amending R.C.M. 912(f)(4), and that the successful use of a peremptory challenge by either party against a member precludes appellate review of any denial of a challenge for cause against that member. Specifically, an appellant's peremptory challenge of the same member waives appellate review of his challenge for cause.); *see also United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000) (stating that there is no constitutional right to peremptory challenges.).

We find no prejudicial error and affirm. However, we answer the third AOE in the affirmative, and we take action in the decretal paragraph.

Appellant is correct that the EOJ does not comply with Rule for Courts-Martial (R.C.M.) 1111(b)(1) because it omitted the conditional dismissal by the military judge of Charge IV, disorderly conduct, based on an unreasonable multiplication of charges. We also find that Specification 1 of Charge II is incorrectly identified as "negligent" instead of "willful" dereliction of duty, and that the specific order alleged to have been violated was omitted from Specification 2 of Charge II. Although no prejudice resulted from these errors, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding, and we therefore modify the EOJ.

In accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record. Upon modification of the EOJ, and after careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[5]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[5] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202400478 |
| v. | **ENTRY OF JUDGMENT** |
| **Mason W. WILLIAMS** **Hospital Corpsman Third Class** **(E-4)** **U.S. Navy** | *As Modified on Appeal* |
| *Accused* | **13 July 2026** |

On 17 June 2021, the Accused was tried at tried at Marine Corps Air Ground Combat Center, Twentynine Palms, California, by a special court-martial consisting of officer and enlisted members. Military Judge Stephen F. Keane presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 114, Uniform Code of Military Justice, 10 U.S.C. § 914.**

> *Plea:* Not Guilty.
> *Finding:* Not Guilty.

**Specification:** **Reckless endangerment on or about 16 August 2019.**

> *Plea:* Not Guilty.
> *Finding:* Not Guilty.

**Charge II:** **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 921.**

> *Plea:* Not Guilty.
> *Finding:* Guilty.

**Specification 1:** **On or about 16 August 2019, willful dereliction of duty for failing to obey and enforce weapons safety rules.**

*Plea:* Not Guilty.

*Finding*: Guilty.

**Specification 2:** **On or about 16 August 2019, failure to obey a lawful general order, Article 1159 of the U.S. Navy Regulations, dated 14 September 1990.**

*Plea:* Not Guilty.

*Finding:* R.C.M. 917, after evidence closed but prior to entry of judgment, a finding of not guilty was entered by the military judge as he found the evidence insufficient to sustain a conviction.

**Charge III:** **Violation of Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907.**

*Plea:* No plea entered.

*Finding:* Withdrawn and dismissed.

**Specification:** **False official statement on or about 17 August 2019.**

*Plea:* No plea entered.

*Finding*: Withdrawn and dismissed.

**Charge IV:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Not Guilty.

*Finding:* Guilty.*

**Specification:** **Drunk and disorderly on or about 16 August 2019.**

*Plea:* Not Guilty.

*Finding*: Guilty to the lesser included offense of disorderly conduct.*

*Conditionally dismissed by the military judge prior to sentencing for unreasonable multiplication of charges.

## SENTENCE

On 17 June 2021, the members sentenced the Accused to the following:

**Reduction to E-1**.

The Accused has served 10 days of pretrial confinement and shall be credited with 10 days of confinement already served.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court